IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT BEAVERS<br>1913 East 296th Street<br>Wickliffe, Ohio 44092<br>*on behalf of himself and all similarly situated*<br>*consumers*<br><br>Plaintiff,<br><br>v.<br><br>UHG LLC<br>6400 Sheridan Drive, Ste. 138<br>Williamsville, NY  14221,<br><br>UHG I LLC<br>6400 Sheridan Drive, Ste. 138<br>Williamsville, NY  14221,<br><br>UHG II LLC<br>6400 Sheridan Drive, Ste. 138<br>Williamsville, NY  14221,<br><br>CAPITAL LINK MANAGEMENT<br>100 Corporate Parkway, Ste. 106<br>Amherst, NY  14226,<br><br>SAMUEL PICCIONE<br>100 Corporate Parkway, Ste. 106<br>Amherst, NY  14226,<br><br>ROTHMAN KLEIN MEDIATION<br>1 Town Center Road<br>Boca Raton, FL 33486<br><br>JOHN DOE 1 – Name Unknown<br>Owner, Operator, Officer, Director, and/or<br>Collector for Rothman Klein Mediation<br>[address unknown],<br><br>JOHN DOE 2 – Name Unknown<br>Owner, Operator, Officer, Director, and/or<br>Collector for Rothman Klein Mediation<br>[address unknown], | CASE NO:<br><br>JUDGE<br><br><br>**<u>CLASS ACTION COMPLAINT</u>**<br><br><br>**JURY TRIAL DEMANDED** |

|  | ) |
|  | ) |
| JOHN DOE 3 – Name Unknown | ) |
| Owner, Operator, Officer, Director, and/or | ) |
| Collector for Rothman Klein Mediation | ) |
| [address unknown], | ) |
|  | ) |
| JOHN DOE 4 – Name Unknown | ) |
| Owner, Operator, Officer, Director, and/or | ) |
| Collector for Rothman Klein Mediation | ) |
| [address unknown], | ) |
|  | ) |
| Defendants. |  |

NOW COMES **ROBERT BEAVERS,** on behalf of himself and all those similarly situated, by and through the undersigned counsel, and hereby alleges and states for his Class Action Complaint against Defendants **UHG LLC, UHG I LLC, UHG II LLC, CAPITAL LINK MANAGEMENT, LLC ("CAPITAL LINK"), SAMUEL PICCIONE, ROTHMAN KLEIN MEDIATION, LLC, ("ROTHMAN KLEIN")** and **JOHN DOES 1-4** as follows:

## INTRODUCTION

1.  This is an action for statutory and actual damages, as well as equitable relief, brought by Plaintiff Robert Beavers ("Mr. Beavers"), an individual consumer, on behalf of himself and all similarly situated consumers, against the Defendants to redress a persistent pattern of violations of consumer and collection laws, including Ohio's Consumer Sales Practices Act, R.C. § 1345 *et seq.* ("CSPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., (the "FDCPA"), Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"),  and related causes of action, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and allow consumers a private right of action.

2.  Congress has found that unwanted calls from automatic telephone dialing systems, or from systems employing the use of the artificial or prerecorded voices, to cellular telephones

without the express permission of the recipient to be a "nuisance and an invasion of privacy, regardless of the type of call."  *Id.*

## VENUE AND JURISDICTION

3.   Whereas the events and circumstances leading up to and asserted in this Complaint arose in this District, this Court is the proper venue for this action.

4.   As Defendants transact business in Ohio and/or caused tortuous injury to Plaintiff in Ohio, Defendants are subject to this Court's personal jurisdiction.

5.   Whereas the matter involves federal claims this Court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692, and 47 U.S.C. § 227

## PARTIES

6.   Mr. Beavers is, and was at all relevant times herein, a resident of Lake County, Ohio.

7.   Mr. Beavers is a consumer as that term is defined in 15 U.S.C. § 1692a(3).

8.   Mr. Beavers is a consumer as that term is defined in R.C. § 1345.01(D).

9.   On information and belief, UHG LLC, UHG I LLC, and UHG II LLC (collectively the "UHG Entities"), are business entities, each incorporated in Delaware, and each with its principal place of business at 6400 Sheridan Drive, Ste. 138, Williamsville, New York 14221.

10.  On information and belief, the UHG Entities operate collectively with the same management, control, and/or ownership, and for the same business purpose and utilizing the same business identity, tradename, and corporate image.

11.  On information and belief, UHG Entities' principal business purpose is the purchase and collection of past due consumer debt, specifically subprime or high interest consumer loans, such as defaulted payday loans.

3

12. On information and belief, the UHG Entities do business using the tradename "United Holding Group," an unincorporated business enterprise, using the website www.uhgllc.com.

13. Each of the UHG Entities is a debt collector under either or both definitions of that term as defined in 15 U.S.C. § 1692a(6): "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

14. In connection with their unlawful activities described herein, each UHG defendant is liable for the unlawful acts and omissions of each other UHG defendant pursuant to *respondeat superior*, the law of agency, a theory of civil conspiracy, and/or because they are operators of this unincorporated entity, namely United Holding Group.

15. On information and belief, Capital Link is a New York corporate entity with its principal place of business in Amherst, New York.

16. On information and belief, Capital Link's principal business purpose is the purchase and/or collection of past due consumer debt, specifically subprime or high interest consumer loans, such as defaulted payday loans.

17. Capital Link is a debt collector under either or both definitions of that term as defined in 15 U.S.C. § 1692a(6): "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

18. On information and belief, Samuel Piccione is an individual residing in New York.

4

19.     On information and belief, Mr. Piccione is CEO of Capital Link; and he is an owner, director, officer and/or, manager of Capital Link.

20.     On information and belief, Mr. Piccione actively participates in, supervises, manages, directs, and/or ratifies, the daily business and collection activities of Capital Link, including the unlawful acts described herein.

21.     Mr. Piccione is a debt collector under either or both definitions of that term as defined in 15 U.S.C. § 1692a(6): "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

22.     On information and belief, Rothman Klein is an incorporated business entity.

23.     On information and belief, Rothman Klein is not registered to do business in Ohio or any other state, but it does so, nevertheless.

24.     On information and belief, Rothman Klein is not a registered tradename in any U.S. jurisdiction.

25.     Rothman Klein is an enterprise engaged in collecting defaulted consumer debts, specifically subprime or high interest consumer loans, such as defaulted payday loans

26.     Rothman Klein is a false name and a front.

27.     On information and belief, no person named Klein and no person named Rothman works for Rothman Klein.

28.     By its name, Rothman Klein holds itself out as a "mediation" firm; however, on information and belief, is not now, and has never been, a mediation firm and has never conducted an actual mediation – that is acted as a third party neutral to resolve a dispute.

29. Nonetheless, Rothman Klein maintains a website to advance its debt collection purposes at www.rothmankleinmediation.com.

30. On information and belief, that website contains false and misleading information about "Rothman Klein" and its business.

31. For example, on information and belief, that website contains a false address for Rothman Klein, listed as 1 Town Center Rd., Boca Raton, FL 33486.  On information and belief, Rothman Klein does not now, nor has it ever, had business offices at that address; and Crocker Partners, the entity managing the property at that address, has no knowledge of a company by the name of Rothman Klein ever doing business from that address.

32. As an unincorporated entity, the individuals and/or entities behind Rothman Klein use that name with the intention of hiding their true identities.

33. John Does 1-4 are owners, operators, officers, directors, and/or collectors of Rothman Klein.  Their names are currently **unknown** and **undiscoverable**, despite extensive efforts to identify them, due to the fact the Rothman Klein is an unincorporated and unregistered entity being used by John Does 1-4 (and the other Defendants named herein) specifically as a front to hide their true identities.  When the names and identities of John Does 1-4 are discovered, this complaint with be amended in accordance with the civil rules.

34. Because John Does 1-4 are the owners, operators, officers, directors, and/or collectors of Rothman Klein, they are liable for the actions of Rothman Klein by virtue of being collectors and suppliers themselves under the FDCPA and the CSPA and/or being the proprietors or agents of an unincorporated entity.

35. Rothman Klein and John Does 1-4 are debt collectors under either or both definitions of that term as defined in 15 U.S.C. § 1692a(6): "any person who uses any instrumentality of

interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

36.   Each of the Defendants named herein is a supplier as that term is defined in R.C. § 1345.01(C).

37.   In connection with their unlawful activities described herein, Defendants operate in concert with one another for the common purpose of debt collection; and, as such, each Defendant is liable for the unlawful acts and omissions of each other Defendants as described herein pursuant to *respondeat superior*, the law of agency, a theory of civil conspiracy, and/or because they are operators of the unincorporated entity of Rothman Klein.

## FACTS RELATED TO MR. BEAVERS

38.   Within the past year, Mr. Beavers received calls on his cellular telephone from an entity identifying itself as Rothman Klein, demanding money in connection with an allegedly outstanding consumer debt, a payday loan, incurred to CashnetUSA.

39.   The time period of these calls included the beginning of February 2020.

40.   On information and belief, and to the best of his recollection, Mr. Beavers has only ever incurred a single payday loan debt through CashnetUSA (the "Account").

41.   Mr. Beavers does not recall the status of that account, whether it was active or inactive, or whether it was paid in full, paid in part, or in default.

42.   On information and belief, CashnetUSA sold its only known account in Mr. Beavers' name, i.e. the Account, to the UHG Entities on or about January 30, 2019.

43.   On information and belief, the UHG Entities (while retaining ownership and control of the Account) placed the Account with Capital Link for collection.

44.    On information and belief Capital Link retained the account for collection purposes through February 12, 2020, when it returned the Account to the UHG Entities.

45.    Therefore, the UHG Entities owned and were in possession and control of the Account during the time period when Mr. Beavers received the calls from Rothman Klein pertaining to the Account.

46.    Moreover, the UHG Entities assigned the Account to Capital Link for collection, and Capital Link engaged in collection activities in relation to the Account directly or through an agent, during the time period when Mr. Beavers received the calls from Rothman Klein pertaining to the Account.

47.    Therefore, on information and belief, Rothman Klein is either (a) a dba of the UHG Entities and/or Capital Link, or (b) an entity engaged by UHG and/or Capital Link to collect upon the Account.

48.    Mr. Beavers never authorized any of the Defendants herein to call him on his cell phone.

49.    "Rothman Klein" initiated these telephone calls to him by an automatic telephone dialing system and/or a system employing the use of an electronic or prerecorded voice.

50.    Mr. Beavers believes this to be true because he could hear an electronic and/or prerecorded voice during calls and messages.

51.    Rothman Klein called Mr. Beavers on his cell phone without permission at least two times.

52.    Rothman Klein left messages threatening that claims were being filed against him and that a failure to act would result in claims being prosecuted against him and subjecting his assets, property, and wages being garnished.

53. Mr. Beavers also returned calls to Rothman Klein and spoke with individuals identifying themselves as "Ron Avery" and "John Strauss," which names he believes to be pseudonyms.

54. In messages and calls, Rothman Klein and its agents represented that they were a "mediation" firm.

55. In messages and calls, Rothman Klein and its agents failed to identity Rothman Klein as a debt collector and denied being a debt collection firm.

56. Rothman Klein and its agents would not provide Mr. Beavers with their correct true identities and would not provide Mr. Beavers with any contact information.

57. Rothman Klein and its agents accused Mr. Beavers of criminal conduct.

58. Rothman Klein and its agents accused Mr. Beavers of check fraud.

59. Furthermore, Rothman Klein and its agents told him that they had already confirmed all his information with his bank and that the bank confirmed the allegations against him.

60. Rothman Klein and its agents further represented that they were working on behalf of Lake County and its court.

61. Rothman Klein and its agents represented that they were trying to negotiate a settlement agreement between Mr. Beavers, "attorneys," and Lake Country.

62. Rothman Klein and its agents represented that Mr. Beavers could not settle his account with a payment by check because "Lake County won't accept a check."

63. Rothman Klein and its agents represented that if Mr. Beavers failed to pay them, a judgment would be rendered against him and that his wages, property, and assets would be garnished and taken from him.

64. Rothman Klein and its agents threatened that Mr. Beavers could either settle the matter now over the telephone by (ostensibly a court sanctioned) "mediation"/payment through them, or the court would render its judgment against him.

65. In truth, Mr. Beavers committed no criminal act; Rothman Klein had no connection with Lake County, the court, or any other government agency; no claim was filed or pending in any court against Mr. Beavers in relation to the alleged debt; Rothman Klein had no intention to ever file a claim against him; and Rothman Klein was not a "mediation" firm or offering a "meditation" service, but was simply acting as a debt collector attempting to collect a debt through unlawful means.

66. Mr. Beavers understood that he was being threatened with an imminent or pending civil and criminal proceedings.

67. Mr. Beavers felt threatened and harassed by these calls.

68. Rothman Klein did not properly identify itself by its true legal name.

69. In calls and messages, Rothman Klein did not clearly state that it was a debt collector calling to collect a debt.

70. In fact, Rothman Klein denied being debt collectors, and instead, they represented that they were mediation service and an arm of Lake County and/or its court.

71. Rothman Klein have never sent and refused to send Mr. Beavers any type of written communication or statement of his rights.

72. Rothman Klein made their threats, misrepresentations, and misleading and harassing statements for the purpose of extorting payment from Mr. Beavers.

73. Mr. Beavers was injured by these actions of Defendants, and he has sustained emotional and related physical injury, including, without limitation, fear, anxiety, embarrassment, frustration, annoyance, inconvenience, and nervousness.

## FACTUAL ALLEGATIONS OF THE CLASS

74. On information and belief, Defendants (individually and collectively, directly or via an agent, and in coordination with one another) regularly attempt to collect consumer debts in Ohio and nationally.

75. Defendants do so using the U.S. mail and telephonic communication equipment.

76. Defendants and their agents fail to identify themselves properly to consumers.

77. Defendants fail to identify themselves as debt collectors and that the purpose of their communications is to collect a debt.

78. Defendants identify themselves by the false identity of Rothman Klein.

79. Defendants deny being debt collectors.

80. Instead, Defendants falsely represent themselves to be mediators with some type of formal connection to the courts or governmental authorities.

81. On information and belief, Rothman Klein is not a real company name and is not properly registered as a tradename in any jurisdiction.

82. The name Rothman Klein is a front used by the Defendants to hide their true identities.

83. Defendants provide false contact information to consumers.

84. Defendants unlawfully use false names.

85. Defendants use a website broadcasting false information with the intent and purpose of misleading consumers and otherwise advancing their scheme as described herein.

86.　In their collection efforts, Defendants, by custom and practice, use threats, misleading statements, and misrepresentations in their attempts to obtain money from consumers in the same manner as directed toward Mr. Beavers.

87.　These threats include threats of nonexistent pending civil and/or criminal litigation.

88.　These threats include insinuations that the consumers have acted criminally.

89.　These threats include that civil and/or criminal actions have already been, or will imminently be, filed against them.

90.　There threats include statements that a consumer's failure to act will result in a judgment against them, and their property, assets, and wages being garnished.

91.　Defendants engage in these practices, acts, and omissions, using and following a script, training, and/or prerecorded/electronic messages so that their practices and the content of their communications are uniform among consumers contacted.

92.　Defendants by practice and policy do not send consumers a statement of their rights pursuant to 15 U.S.C. § 1692g.

93.　By engaging in these acts and omissions, Defendants knowingly violate the CSPA, FDCPA, and TCPA.

94.　On information and belief, using these unlawful tactics, Defendants unlawfully obtain funds in consumer payments, engender fear, and cause emotional damage to consumers.

95.　Defendants engage in these practices and conduct for a common purpose and goal, with coordination, knowledge, and the cooperation of one another.

96.　In connection with the facts, events, and averments herein, Defendants acted willfully and maliciously, with spite and ill will, and/or with reckless disregard for the rights of consumers in general, and Mr. Beavers in particular.

## CLASS ACTION ALLEGATIONS

97.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Mr. Beavers brings this action on behalf of himself and six classes of other persons similarly situated to remedy the on-going unlawful, unfair, and/or deceptive business practices alleged herein, and to seek redress on behalf of all those persons who have been harmed thereby.

98.     The classes are defined as follows:

    1.  The "**Rothman Klein FDCPA Class**" is defined as all consumers, who

        a.  Defendants contacted for the purposes of debt collection in the one year preceding the filing of the original complaint in this matter until the present;

        b.  Where Defendants identified themselves as Rothman Klein.

    2.  The "**Rothman Klein CSPA Class**" is defined as all consumers, who

        a.  Defendants contacted for the purposes of debt collection in the two years preceding the filing of the original complaint in this matter until the present;

        b.  Where Defendants identified themselves as Rothman Klein.

    3.  The "**FDCPA Class**" is defined as all consumers, who:

        a.  Defendants contacted for the purposes of debt collection in the one year preceding the filing of the original complaint in this matter until the present;

        b.  Where Defendants -

            1)  Identified themselves to be mediators;

            2)  Failed to identify themselves as a debt collector and the purpose of their call was for debt collection, and/or;

            3)  Represented that civil and/or criminal litigation was pending or soon to be filed against the consumer and/or their inaction would result in a litigation or a judgment, and/or;

            4)  Did not send a written communication to the consumer of the right to verification of debt after an initial communication.

4. The "**CSPA Class**" is defined as all consumers in Ohio who:

    a. Defendants contacted for the purposes of debt collection in the one year preceding the filing of the original complaint in this matter until the present;

    b. Where Defendants -

        1) Identified themselves to be mediators;

        2) Failed to identify themselves as a debt collector and the purpose of their call was for debt collection, and/or;

        3) Represented that civil and/or criminal litigation was pending or soon to be filed against the consumer and/or their inaction would result in a litigation or a judgment, and/or;

        4) Did not send a written communication to the consumer of the right to verification of debt after an initial communication.

5. The "**TCPA Class**" is defined as all consumers in Ohio who:

    a. Defendants contacted a consumer in connection with the collection of a debt by telephone; and

    b. In the four years preceding the filing of the original complaint in this matter until the present.

6. The "**Racketeering Class**" is defined as all consumers in Ohio who:

    c. Defendants contacted a consumer in connection with the collection of a debt; and

    d. In the five years preceding the filing of the original complaint in this matter until the present.

62. The class members are so numerous that joinder of all members would be impracticable. The exact size of the proposed classes and the identity of the members, believed to be in the hundreds or thousands, thereof, is readily ascertainable from Defendants' business records.

63. There is a community of interest among the members of the proposed classes in that there are questions of law and fact common to the proposed classes that predominate over

questions affecting only individual members. These questions include but are not limited to whether, *inter alia*:

    a.   Defendants and their agents are debt collectors;

    b.   Defendants or their agents fail to identify themselves with their proper name and contact information;

    c.   Defendants' use of the name Rothman Klein is deceptive;

    d.   Defendants or their agents fail to identify themselves as a debt collector in calls and messages;

    e.   Defendants represent themselves to be mediators and whether that representation is unlawful;

    f.   Defendants or their agents regularly threaten or insinuate imminent or pending civil and/or criminal litigation;

    g.   Defendants are each liable for the acts and omissions of the other Defendants;

    h.   Defendants use an auto-dialer or a prerecorded and/or electronic voice when placing collection calls;

    i.   Defendants collect upon debts without having received a proper assignment thereof;

    j.   Defendants fail to send notices to consumers as required by 15 U.S.C. § 1692g.

    k.   The conduct and threats described herein violates the FDCPA;

    l.   The conduct and threats described herein violates the CSPA;

    m.   The conduct and threats described herein violates the TCPA.

64.    Mr. Beavers' claims are typical of those of the classes he seeks to represent, and he will fairly and adequately represent the interests of the classes. Mr. Beavers is represented by counsel competent and experienced in both consumer protection and class action litigation.

65.    A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by individual class members may be relatively

small compared to the expense and burden of litigation, it would be impracticable and economically infeasible for class members to seek redress individually.  The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against the Defendants.

**FIRST CLAIM FOR RELIEF**
(FDCPA Violations)

66.     Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

67.     Defendants' conduct of contacting Mr. Beavers and members of the respective classes without properly identifying themselves, by identifying themselves to be Rothman Klein, by misidentifying themselves, by failing to identify themselves as debt collectors and the purpose of their call is debt collection, by representing themselves to be mediators, by representing a connection to the courts or governmental authorities, by threatening litigation and/or prosecution, by misrepresenting to consumers their rights, by failing to send legally mandated notices of rights, and/or by other actions as detailed above, have violated the following provisions of the FDCPA (without limitation):

   a.  15 U.S.C. § 1692d, engaging in conduct having the natural consequence to "harass, oppress, or abuse" Mr. Beavers and class members in connection with the collection of an alleged debt;

   b.  15 U.S.C. § 1692d(5), causing consumers telephones to ring repeatedly and engaging them in conversation repeatedly for the purpose of annoyance, harassment, and abuse;

    c.  15 U.S.C. § 1692d(6), placing telephone calls without meaningful disclosure of the caller's identity – and in fact by misrepresenting their identity;

    d.  15 U.S.C. § 1692e, engaging in the conduct, which is false, deceptive and/or misleading;

    e.  15 U.S.C. § 1692e(1), falsely representing and/or implying that the debt collector is affiliated for a governmental authority;

    f.  15 U.S.C. § 1692e(2)(A), (4), & (5), mischaracterizing the legal status of a debt and threatening garnishment, prosecution, and legal action that cannot be legally taken, and that Defendants did not intend to take;

    g.  15 U.S.C. § 1692e(1), falsely representing and/or implying that the consumer committed a crime;

    h.  15 U.S.C. § 1692e(10), using deceptive means to collect a debt as described herein.

    i.  15 U.S.C. § 1692e(11), failing to properly disclose that Defendants are debt collectors, collecting on a debt;

    j.  15 U.S.C. § 1692e(14), using any business, company, or organization name other than the true name of the debt collector's business, company, or organization;

    k.  15 U.S.C. § 1692f, engaging in the conduct, which is unfair and unconscionable;

    l.  15 U.S.C. § 1692f(1), collection debts without authorization by the agreement creating the debt or permitted by law;

    m.  15 U.S.C. § 1692f(5), calling a consumer's cell phone; and

    n.  15 U.S.C. § 1692g, failing to send consumers notices of their rights.

68.    Defendants violated the FDCPA in other ways as described herein and to be proven at trial.

69.    As a result of the foregoing, Mr. Beavers and the respective classes have suffered actual damages as described herein and to be proven at trial, and they are authorized to bring this action and to remedies under 15 U.S.C. § 1692k.

70.    Under the FDCPA, Mr. Beavers and the respective classes are entitled to recover statutory damages, actual damages, attorney's fees, and costs for the violations described herein. 15 U.S.C. § 1692k.

## SECOND CLAIM FOR RELIEF
### (CSPA Violations)

71.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

72.    As described herein and to be proven at trial, Defendants (individually and/or collectively, directly or through an agent) engaged in unfair and deceptive acts in violation of R.C. §§ 1345.02 & .03 by, without limitation, misidentifying themselves, failing to identify themselves as debt collectors and the purpose of their call is debt collection, representing themselves to be mediators; representing themselves to be affiliated with a court or governmental authority, threatening litigation and/or prosecution, attempting to collect amounts to which they have no legal right, misrepresenting (and omitting) to consumers their rights, and/or other actions as detailed above and to be proven at trial.

73.    Specifically, as described above, Defendants engaged in conduct which violates the FDCPA.

74.    By violating the FDCPA, Defendants have violated the CSPA.  See e.g. *Jarvis v. First Resolution Inv. Corp*., 2012-Ohio-5653 (9th App. Dist. 2012) ("The interrelationship between the FDCPA and the OCSPA is well established").

75.    Each of Defendants' violations of the FDCPA is a separate violation of the CSPA.

76. The Public Inspection File of the Ohio Attorney General contains cases declaring the acts and practices described herein to be illegal, including, but not limited to, *Liggins v. May Company*, 53 Ohio Misc. 21 (Cuy. Cty. 1977), PIF 10000310.

77. Under the CSPA, Defendants are liable to Mr. Beavers and the respective classes for damages, statutory damages, declaratory relief, and other relief as provided by statute.  R.C. § 1345.09.

## THIRD CLAIM FOR RELIEF
(TCPA Violations)

78. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

79. As described above, Defendants knowingly made calls to Mr. Beavers and respective class members cellular telephones via an automatic telephone dialing system and/or using an artificial or prerecorded voice without his express permission.

80. Defendants placed these calls without the express authorization of Mr. Beavers and respective class members.

81. Thus, under the TCPA, Defendants are liable to Mr. Beavers and respective class members for a minimum of $500 per phone call and up to $1,500 per call since the calls were made knowingly.

## FOURTH CLAIM FOR RELIEF
(State Racketeering)

82. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

83. As described above, Defendants called, left messages, and spoke to Mr. Beavers.  In these calls and messages, Defendants attempted to obtain money by means of false or fraudulent

pretenses and representations, including, without limitation, falsely identifying themselves, falsely stating and/or implying a relationship with the courts or other governmental authorities, making false statements about the legal status of debts, threatening that a civil claim had been filed against Mr. Beavers, accusing Mr. Beavers of criminal conduct, threatening that he or his attorney urgently need to return calls, and threatening that a failure to return the call and/or make a payment to them will result in a forfeiture of rights and/or judgment being rendered against him.

84. On information and belief, Defendants use false addresses and websites with false information; and as a result, they presumably use the U.S. mail and/or a private or commercial interstate carrier to further their scheme.

85. R.C. § 2923.34 conveys a private right of action to any person injure by a violation of R.C. § 2923.32.

86. R.C. § 2923.32 prohibits participating in a "pattern of corrupt activity."

87. R.C. § 2923.31(E) defines a "pattern of corrupt activity" as two or more incidents of a "corrupt activity."

88. R.C. § 2923.31(E) defines a "corrupt activity" as engaging in or conspiring to engage in one of certain enumerated unlawful acts. Pertinent hereto, these unlawful acts include violating or threatening to violate: (a) R.C. § 2913.02, theft by deception, threat or intimidation; (b) R.C. § 2913.05 telecommunication fraud; and (c) any conduct defined as a "racketing activity" in 18 U.S.C. §§ 1961(1)(B)-(E), which list includes violations 18 U.S.C. §§ 1341 & 1343.

89. 18 U.S.C. § 1341 prohibits using the U.S. mail or "any private or commercial interstate carrier" to advance a scheme or artifice that is devised or "intending to devise any scheme

or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises."

90.    18 U.S.C. § 1343 prohibits transmitting or causing "to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing" in advance of "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises."

91.    R.C. § 2913.05, telecommunication fraud, likewise prohibits the dissemination or transmission "by means of a wire, radio, satellite, telecommunication, telecommunications device, or telecommunications service any writing, data, sign, signal, picture, sound, or image with purpose to execute or otherwise further the scheme to defraud."

92.    Defendants regularly use the same practices and conduct when attempting to collect from Ohio consumers in general as directed toward Mr. Beavers as part of the standard operating procedure.

93.    As such, because Defendants attempt to obtain funds by deception, threat or intimidation, using the mails and telecommunications equipment, Defendants have engaged in acts violating R.C. §§ 2913.02 & 2913.05 and 18 U.S.C. §§ 1341 & 1343, thus constituting a pattern of corrupt activity under R.C. § 2923.31(E).

94.    Having engaged in a "pattern of corrupt activity," Defendants have violated R.C. § 2923.32, giving rise to a private right of action pursuant to R.C. § 2923.34.

95.    Accordingly, Mr. Beavers and respective class members are entitled to damages, treble damages, injunctive, relief, and attorney fees and costs.

## FIFTH CLAIM FOR RELIEF
(Invasion of Privacy)

96. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

97. By calling Mr. Beavers and members of the various classes incessantly, by calling with threats, by calling their cell phones, AND other acts described herein, Defendants (individually and/or collectively, directly or through an agent) intruded into private lives and activities of Mr. Beavers and class members in an outrageous manner and in a manner that would cause (and did cause) mental suffering, shame, or humiliation to a person of ordinary sensibilities.

98. Resultingly, Defendants are liable to Mr. Beavers and members of each class for damages, punitive damages, and attorney's fees.

## SIXTH CLAIM FOR RELIEF
(Civil Conspiracy)

99. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

100. As describe above, Defendants have maliciously combined together as buyers and/or collectors of debts to injure consumers by extorting or otherwise extracting or attempting to extract monies from them by unlawful means, namely through the violation of the above-enumerated laws.

101. None of the individual Defendants was competent alone to cause the injuries described herein, but each needed the other Defendants to hide or attempt to hide their identities and/or involvement in this scheme, to provide financial resources and connections to buy

the debts, to set up a collection operation, and/or to engage in the actual collection activities described herein.

102. Resultingly, Defendants have engaged in a civil conspiracy and are liable to Mr. Beavers and the members of each class for damages, punitive damages, and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. An order certifying the FDPCA Class and the CSPA Class;

B. An order appointing Frederick & Berler LLC as class counsel;

C. A judgment for the actual damages suffered by Mr. Beavers and members of each of the classes;

D. Issuance of a declaratory judgment declaring that the acts and practices complained of herein are unfair, deceptive and/or unconscionable;

E. Issuance of a declaratory judgment declaring that Defendants violated the CSPA;

F. An order preliminarily and permanently enjoining Defendants from engaging in the practices challenged herein;

G. An award to Mr. Beavers and respective class members of statutory damages of $1,000 each, up to an aggregate of $500,000 or 1% of the net value of Defendants for their various violations of the FDCPA pursuant to 15 U.S.C. 1692k(a)(2)(B);

H. An award to Mr. Beavers and respective class members of statutory damages of $5,000 each for non-economic damages under the CSPA;

I. Treble actual damages under the CSPA;

J. Statutory damages under the TCPA of $1,500 per call made;

K. Statutory damages as applicable under any other law;

L. An award to Mr. Beavers and the three Classes of punitive damages as determined by the Court;

M. That this Court award attorney's fees, costs, and pre- and post-judgment interest to Mr. Beavers and the Classes pursuant to the FDCPA, CSPA, R.C. § 2923.34, and other applicable law;

N. An award to Mr. Beavers a class representative incentive award to be determined by the Court; and

O. That this Honorable Court awards to Mr. Beavers such other and further relief as may be just and equitable.

Respectfully submitted,


*/s/ Ronald I Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Michael L. Fine (#0077131)
**Frederick & Berler LLC**
767 East 185th Street
Cleveland, Ohio 44119
Phone: (216) 502-1055
Fax: (216) 609-0750
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
michaelf@clevelandconsumerlaw.com
*Attorneys for Plaintiff*

24

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

*/s/ Ronald I Frederick*
Ronald I. Frederick (#0063609)
**Frederick & Berler LLC**
*One of the Attorneys for Plaintiff*
